E-FILED
Thursday, 17 November, 2005 11:44:55 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FILED

FOR THE CENTRAL DISTRICT OF ILLINOIS NOV 17 2005

JOHN M. WATERS, Clerk
U.S DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID BIVENS,                    )
      Plaintiff,            )
                       )
      -vs-                     )    Case No. ___051359___
                       )
MICHAEL P. MESCH,                )
LT. ROEPER, et al.,              )
      Defendants.              )

## MOTION FOR THE APPOINTMENT OF COUNSEL

NOW COMES the Plaintiff, David Bivens, pro -se, and respectfully requests this Honorable Court to appoint counsel to represent him in the §1983 proceedings. In support thereof, plaintiff states the following:

1) Plaintiff is without the funds in which to procure counsel, as more particularly described in the Motion for Leave to File and Proceed in Forma Pauperis.

2) Plaintiff has attempted to procure the representation of the law firm of Sidley + Austin, Jenner + Block, Hopkins + Sutter, and Rudnick + Wolfe, however none have yet to respond to plaintiff's letters.

3) Plaintiff believes case law establishes that the complaint is meritorious on its face, as supported by

1

Johnson v. Stoval, 233 F. 3d 486 (7th Cir. 2000)(filing of false disciplinary report in retaliation for making complaints against same prison official who wrote report); DeWalt v. Carter, 224 F. 3d 607 (7th Cir. 2000)(false disciplinary reports and harassment following the filing of a grievance); Babcock v. White, 102 F. 3d 267 (7th Cir. 1996) and Murphy v. Lane, 833 F. 2d 106 (7th Cir. 1987)(retaliatory transfer following filing of complaints); Walker v. Thompson, 288 F. 3d 1005 (7th Cir. 2002)(same)

4) Plaintiff does not have any knowledge or experience in how to litigate a civil rights actions, and had to rely on another inmate with the knowledge and skill to bring this action. Further, plaintiff has only completed the ninth grade, and has no GED, and lacks the education level necessary to comprehend legalese.

5) On November 30, 2005, the Illinois Department of Corrections will release plaintiff from custody, without any supervision or parole attached. Plaintiff will lack the benefits and accessibility to persons/inmates skilled in the law, thus will be wholly without the means to litigate the action.

6) This case is likely to require affidavits from

2

various staff members and inmates, some of which may have transferred or paroled themselves. An attorney can utilize his resources to contact the necessary persons, and, obtain any pertinent documents to meaningfully litigate the action.

7) Plaintiff believes that this case will be sufficiently complex for him to handle.

Wherefore, plaintiff requests this court to appoint counsel to represent him.

Respectfully submitted,

David Bivens

David Bivens

David Bivens
Reg. No. N94630    ←
Western Illinois Correctional Ce
R.R. 4, Box 196
Mt. Sterling, Illinois 62353-9

Plaintiff, Pro-se

3

## VERIFICATION

I, David Bivens, hereby state pursuant to 28 U.S.C. §1746 that I have read the foregoing motion for the appointment of counsel and that the statements made therein are true and correct under the penalty of perjury.

11-15-05

Executed on

David Bivens

David Bivens

4